### M. LAFLIN v. A. HERRINGTON et al.

The following dissenting opinion of CHIEF JUSTICE SCATES, was not received by the reporter in time for publication in its appropriate place. See the case, *ante*, page 301.

SCATES, C. J.   I am unable to concur with the court upon one point alone, and that is this: payment of taxes under the statute of limitations. I think the proof of payment sufficient under the statute, to enable the plaintiff to defend his possession under it.

By the evidence, I understand that Brown sold one acre to Best, in June, 1846, of which he soon after took possession, under a bond title, and has continued in possession ever since. That upon full payment, he received a deed, dated August 3, 1847.   The acre was located by metes and bounds, in the south-east corner of the tract, listed and assessed as a thirteen acre tract.   He neglected to pay the city taxes upon this acre for 1846, and the State and county taxes of 1847, for which it was sold in 1847.   It is for this non-payment of the amount of taxes due upon this acre, described and included in the assessment, as a thirteen acre tract to Brown, that is allowed to defeat the claim and defense set up under the statute.   I reason thus, in relation to these facts.   Brown had owned, listed and paid taxes upon the whole tract.   In 1846, he sold, by a particular boundary, one acre, and the evidence was placed upon the records required to be kept for the purpose of exhibiting title.   The assessor, without informing himself of the ownership, lists the property as theretofore, thus charging Brown's tract with an acre which did not belong to him.   Brown does not appear to have known of this mistake, until called on for payment of taxes.   He then pays as much of the whole taxes as his proportion of the listed tract bears to the whole, and takes a receipt, describing the payment to be twelve-thirteenths of the whole.   This is all that is due upon what he owned, and his ownership is in severalty, and not an undivided interest.   I will admit that the description of the tract would make it an undivided interest, as it stood upon the tax books, and inserted in the receipt, and technically, would make the payment apply to twelve-thirteenths of what was due upon the one acre, as upon the twelve, and so leave, technically, one-thirteenth still due and chargeable in common upon the whole tract. But I am unwilling, and do not feel authorized, and justified, to defeat the object of the statute in its protection of those who have substantially, fairly and honestly, brought themselves within its terms and meaning, by paying to the government promptly,

Laflin *v.* Herrington et al.

all they owe on all they own, by a technical disquisition of principles and distinctions, little known or observed by the great mass of landholders.  It is enough that Brown only owned twelve acres of the tract as described on the list; that he owned that quantity in severalty, and paid that proportion of the amount of the tax assessed and due upon the whole.   This was all the State could ask or demand of him.   The error in the assessment, by including another's land in the same description with his, whether from carelessness or ignorance, will not make him debtor for more than he owns, nor should it be allowed to prejudice his rights. His own carelessness in taking a receipt, perpetuating that error and misdescription, having injured or misled no one thereby, should not be permitted to work a forfeiture of his rights, or an assumption or admission of his liability for the taxes.   I must believe, that in all business transactions between man and man, this payment, under the facts in this record, would have been received and held as applicable to the amount really due from Brown, and a full discharge of himself and the lien on his land. Nor can I perceive any reason or distinction, why the same should not apply to a transaction with the State.   Had the collector levied upon Brown's personal property, for the balance due on this tract, I feel well satisfied, that any, and this court would, upon this proof, determine the controversy in his favor, upon the ground of payment of all that was due for his taxes on the twelve acres.   If so, the payment of the taxes upon the twelve acres, has been shown in the record, for seven consecutive years, and this is sufficient, so far as these acts are required, to rely upon the statute. .

Having presented my views of the facts in relation to the *bona fide* and substantial compliance with the statute, by the payment of the taxes properly due upon this tract in controversy, and chargeable upon Brown, I do not design any further discussion of this or other questions in the record.